# United States District Court
# District of Massachusetts

| | |
|---|---|
| SCOTT T. BUXTON<br>PLAINTIFF<br><br>v.<br><br>SPRINGFIELD POLICE DEPT., CITY OF SPRINGFIELD, GERALD PHILLIPS, PAULA MEARA, PHILLIP TARPEY, OFFICERS MICHAEL HILL, RICHARD JARVIS, ROBERT STRZEMPEK, JUAN HERNANDEZ, JOSHUA ELLSWORTH, CURTIS McKENZIE, DENIS PRIOR, JUSAN ESTRADA, LT. JOHN DOE, SGT. JOHN DOE, OFF. JOHN DOES OF THE THIRD SHIFT, JODY CATELLIER, AND 3RD SHIFT BOOKING OFFICERS<br>DEFENDANTS | CIVIL ACTION NO.<br><br>**04 10352 MEL**<br><br>RECEIPT # 54015<br>AMOUNT $ 150<br>SUMMONS ISSUED_____<br>LOCAL RULE 4.1_____<br>WAIVER FORM _____<br>MCF ISSUED_____<br>BY DPTY. CLK._____<br>DATE 2-20-04 |

## NOTICE OF REMOVAL

The defendant, SPRINGFIELD POLICE DEPARTMENT, CITY OF SPRINGFIELD, PAULA MEARA and GERALD PHILLIPS petition for removal to this Court of Civil Action No. MICV2004-00616 presently pending in the Superior Court Department of the Massachusetts Trial Court sitting in Middlesex County ("Superior Court action"). In support, defendant petitioners state the following:

1.      The plaintiff, Scott Buxton, commenced the Superior Court action on February 18. 2004 against the defendant petitioners.

2.      The defendant petitioners received service of the Summons and Complaint which was February 13, 2004. No responsive pleadings have been filed in Superior Court by the

defendant petitioners. This petition is filed in this Court within thirty (30) days after notice of the existence of the filing of the Superior Court action .

3.  The Superior Court action involves alleged unconstitutional conduct with regard to the arrest and detention of the plaintiff, a controversy arising under the laws of the United States and is a civil action over which the United States District Court has original jurisdiction in that the complaint alleges a violation of 42 U.S.C. § 1983. This Court therefore has original jurisdiction of the above-entitled action pursuant to 28 USC § 1331, and removal of the action to this Court is proper pursuant to 28 USC § 1441(b)

4.  Written notice of the filing of this petition will be given to all parties as required by law.

5.  A true and correct copy of this petition will be filed with the Clerk of the Middlesex County Superior Court of the Commonwealth of Massachusetts, as required by law.

6.  There is attached herewith a true and correct copy of all process, pleadings and orders obtained by the defendants which have been filed in the Superior Court action. (Exhibit A).

Wherefore, the petitioners request that the above-described Superior Court action now be removed to this Court.

Dated: February 18, 2004

Respectfully submitted.

By: _____

Edward M. Pikula, BBO #399770

Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:    (413) 787-6085
Telefax:      (413) 787-6173

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Defendant's Notice of Removal was this day served upon Plaintiff by mailing copy of same or hand delivery to: Scott T. Buxton, MCI Concord, PO Box 9106, Concord, MA 01742-9106, Plaintiff. SIGNED under the pains and penalties of perjury.
Dated:    2/18/2004
Edward M. Pikula, Esquire

2

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

<u>Middlesex</u> Division        SUPERIOR CIVIL ~~PROBATE AND FAMILY~~ COURT
                                      DOCKET NO. _____

| | |
|---|---|
| <u>SCOTT I. BUXTON</u>, ) | |
| Plaintiff ) | MOTION TO ALLOW PLAIN- |
| v. ) | TIFF TO PROCEED IN |
| <u>Springfield Police Dept; City of</u> ) | FORMA PAUPERIS |
| <u>Springfield; et al.</u> Defendant ) | |

The plaintiff moves that <u>He</u> be allowed to commence this action for ~~*****~~ <u>Tort</u> in forma pauperis, and that the entry fee, docket number assignment fee, cost of the summons, and fees for service of process be waived, in accord with M.G.L.A. c. 261, §§ 27A to 27D, and Rule 403 of the Supplemental Rules of this court, and gives as reasons therefore:

1. That the plaintiff is an indigent person, as defined by M.G.L.A. c. 261, § 27A.

2. That the plaintiff is unable pay the fees described above, and if the said waiver is not allowed the plaintiff will be unable to commence this action for ~~******~~ <u>Tort and recovery and damages</u>.

3. That the plaintiff has filed an affidavit of indigency in accord with M.G.L.A. c. 261, § 27B, which affidavit is incorporated by reference herein.

WHEREFORE, the plaintiff moves that the court allow the waiver of fees and costs as described aforesaid.

Date <u>1/29/04</u>        Signature <u>Scott T. Buxton</u>
                          Address <u>MCI Concord P.O. Box 9106</u>
                                  <u>Concord, MA  01742-9106</u>
                          Tel No. <u>N/A</u>
                          B.B.O.# _____
                                  (if applicable)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                  CIVIL DIVISION
                                                  Docket #

SCOTT T. BUXTON,
        Plaintiff

V.                                        CERTIFICATE OF SERVICE

SPRINGFIELD POLICE DEPT.;
City of Springfield; Gerald Phillips;
Paula Meara; Phillip Turpey;
Officers Michael Hill; Richard Jarvis,
Robert Strzempek, Juan Hernandez,
Joshua Ellsworth, Curtis McKenzie,
Denis Prior, Juan Estrada, Lt.
John Doe; Sgt. John Doe; Off.
John Doe(s) of the 3rd Shift; Jody
Cotellier; and 3rd Shift Booking Officers
        DEFENDANTS

## CERTIFICATE OF SERVICE

I, SCOTT T. BUXTON, the Plaintiff in the above-captioned matter, hereby certify that I have served upon the Defendant(s): Springfield Police Dept.: Chief Paula Meara on February 4, 2004, the foregoing documents: A Copy of the Civil Complaint ~~and A Copy of the Plaintiff's Motion For Alternative Service of Process~~ SRB, by mailing same, postage prepaid, to the Defendant at his/her work address: Springfield Police Dept. 130 Pearl St. Springfield, MA 01105. Signed under the Pains and Penalties of Perjury

Dated: 2/4/04

                                          SCOTT T. BUXTON W82608
                                          MCI CONCORD P.O. Box 9106
                                          Concord, MA 01742-9106

RETURN OF SERVICE
I, Paula Meara, Defendant in this action, received service of the Complaint by regular

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT - Civil Division

SCOTT T. BUXTON, )
            Plaintiff )
                )
                )
v.              )           **CIVIL COMPLAINT**
                )
                )
SPRINGFIELD POLICE DEPT; The )
City of Springfield; Gerald Phillips )
Police Commissioner; Paula Meara )
Chief of Police; Phillip Tarpey - Police )
Internal Affairs; Springfield Police )
Officers Michael Hill, Richard Jarvis, )
Robert Strzempek; Juan Hernandez, )
Joshua Ellsworth; Curtis McKenzie )
Denis Prior, Juan Estrada, Lt. John )
Doe, Off John Does of 3rd Shift, Sgt. )
John Doe, Jody Catellier and 3rd )
Shift Booking Officers, )
            DEFENDANT )

**CIVIL COMPLAINT**

PARTIES
1. The Plaintiff, Scott T. Buxton; MCI CONCORD, P.O. Box 9106, Concord, MA 01742-9106 of Middlesex County, Massachusetts.
2. The Defendants; listed below, live in and/or work in Hampden County, Mass
   a.) Springfield Police Department, 130 Pearl St. Springfield, MA 01109
   b.) City of Springfield, Massachusetts
   c.) Gerald Phillips, Ex-Police Commissioner Springfield, 130 Pearl St. SpFld, MA
   d.) Paula Meara, Springfield Chief of Police, 130 Pearl St. Springfield, MA
   e.) Phillip Tarpey, Springfield Internal Affairs Police Dept, Maple St. SpFld, MA
   f.) Michael Hill, Springfield Police Officer, 130 Pearl St. Springfield, MA
   g.) Richard Jarvis, Springfield Police Officer, 130 Pearl St. Springfield, MA
   h.) Robert Strzempek, Springfield Police Officer, 130 Pearl St. Springfield, MA

j.) Joshua Ellsworth, Springfield Police Officer, 130 Pearl St. SpFld MA.
k.) Sgt. Curtis McKenzie, Springfield Police Dept, 130 Pearl St SpFld MA
l.) Denis Prior, Springfield Police Officer, 130 Pearl St. SpFld, MA
m.) Juan Estrada, Springfield Police Officer, 130 Pearl St. SpFld. MA
n.) Lt. John Doe, Springfield Police Dept. (3rd Shift), 130 Pearl St. SpFld MA
o.) Sgt. John Doe, Springfield Police Dept. (3rd Shift), 130 Pearl St. SpFld MA
p.) Officer John Doe(s) of Springfield Police Dept (3rd Shift), 130 Pearl St. SpFld MA
q.) Booking Desk Officer(s) 3rd Shift, Springfield Police Dept. Pearl St. SpFld MA
r.) Jody Catellier, Springfield Police Officer, 130 Pearl St. SpFld, MA

## COUNT I: BATTERY

3. The above-named defendants Hill, Estrada, Jarvis, Prior, Hernandez, Strzempe Lt John Doe and Sargeant John Doe, on or about February 9, 2001, did intentionally strike the plaintiff, without consent or provocation, with intent to injure the plaintiff and that said contact did in fact cause the plaintiff to suffer various injuries, including but not limited to: Broken Orbital Bones in left eye socket; lacerations of eye-wall tissue; a grade three brain concussion; a Broken right wrist; serious contusions to the back of the right hand, back of the head, side of the head above the Temple on the plaintiff right hand side, right side ribs and hip, both knees, left shinbone, First Two toes on the left foot, arch of the right foot, sternum and right shoulder; Two Broken Teeth - mollars on bottom left side and various other minor cuts and bruises, on Liberty Street in the City of Springfield.

4. The above-named defendants Booking Desk Officer(s) of the 3rd Shift and Sargeant John Doe of the Third Shift did, on February 9, 2001, while working in their capacity of booking officers at the Springfield Police Station, intentionally punch and kick the plaintiff while he was handcuffed, without consent or provocation and with intent to injure the plaintiff and that said contact did in fact injure the plaintiff by further worsening the plaintiff's injuries that he suffered as described in Paragraph 3 of this complaint.

5. The defendants identified in this complaint as Officer John Doe(s) of the Springfield Police Dept 3rd Shift [see ¶ 2(P)] on or about February 9, 2001, in the city of Springfield on Liberty Street did intentionally punch, kick and beat the plaintiff without consent or provocation, with intent to cause the plaintiff harm and did, in fact cause the plaintiff physical pain, suffering and damage.

## COUNT II: ASSAULT

6. The above-named defendants McKenzie, Catellier and Ellsworth, on February 8, 2001 did threaten the plaintiff with physical harm by breaking into the plaintiff's residence at 196 Louis Rd. in Springfield, Mass without a warrant, probable cause to arrest or exigent circumstances and thus did place the plaintiff in fear, causing him to have to flee from his own residence to avoid actual physical injury as the plaintiff tried to escape from the imminent physical threats of the defendants.

## COUNT III: TRESPASS

7. The above-named defendants McKenzie, Catellier and Ellsworth did, on February 8, 2001 unlawfully enter upon the premises and property of the plaintiff at 196 Louis Rd, Springfield, MA - a single-family home where the plaintiff resided, said intrusion and entering being without invitation, consent or just cause and did in fact cause $1,830.00 of damage to the front and rear door and chain link-fence located on the plaintiff's property.

## COUNT IV: DEFAMATION

8. The within-named defendants McKenzie, Strzempek, Estrada, Jarvis, Prior and Officer John Doe(s) of the 3rd Shift did, on or about February 9, 2001 knowingly write falsified reports about the actions of the plaintiff and their own actions and shared and disseminated these false reports to others with the intent of damaging the plaintiff's reputation in the community, with his peers professionally, amongst his students and colleagues and did cause the plaintiff to be wrongly prosecuted and incarcerated and thus to suffer lost income and status.

## COUNT V: BAILMENT LIABILITY FOR PROPERTY DAMAGE

9. On or about February 9, 2001 at the Springfield Police Station and on Liberty Street in Springfield the within named Defendants created a bailment and became bailees by securing, taking and inventorying the Plaintiffs personal property thus making him their bailor and specific items of Plaintiffs said personal property were lost, destroyed and/or damaged during the time of said bailment by the Defendants. Specifically the Plaintiffs eyeglasses were lost or destroyed as were the Plaintiffs audio-cassette recorder (SONY Microcassette), Plaintiffs Gold and Diamond Wedding Ring, Plaintiff's B.B.O Card # 556883, several computer discs of the Plaintiff and a sum of $430.00 Cash in the follow denominations, Two Fifty-Dollars bills, Sixteen Twenty-Dollar bills and one Ten-Dollar bill.

## COUNT VI: NEGLIGENCE

10. The Defendants, by exercising dominion, control and custody over the Plaintiff on or about February 9, 2001 in Springfield at the Springfield Police Station at 130 Pearl Street did owe the Plaintiff a duty of ordinary and reasonable care and protection while he was kept at the Springfield Police Station.

11. The Defendants breached their duty of care to the Plaintiff by failing to provide adequate medical care and treatment for the Plaintiff's visually obvious physical injuries as well as the other injuries as reported by the Plaintiff in a timely and reasonable manner.

12. The Defendants failure to provide the Plaintiff with timely, adequate and reasonable medical care for his injuries did cause the Plaintiff further physical injury, pain, suffering and emotional distressing manifested by the Plaintiff's subsequent sleepnessness, anxiety.

stomach troubles, nightmares, subsequent depression, inability to concentrate and severe headaches.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

13. The Defendant's outrageous conduct and blatant disregard and indifference to the Plaintiff's health, safety and well-being on February 8 and 9 of 2001 did cause the Plaintiff to suffer severe emotional distress and resulted in the Plaintiff suffering from sleeplessness, loss of appetite and weight, listlessness, difficulty in concentration, anxiety, depression, headaches, stomach problems, nightmares, headaches causing loss of cognitive ability and caused the Plaintiff to have to receive psychological treatment and medication

14. Defendant Phillip Tarpey of Springfield Police Internal Affairs did wilfully and knowingly spread false rumors about the Plaintiff's intent to cause several other defendants employment problems, to these other Springfield Police Officers and thus made the Plaintiff a target for these same officers outrageous and abusive conduct towards the Plaintiff and thus further caused the Plaintiff severe emotional distress.

## COUNT VIII: NEGLIGENCE

15. The within-named Defendant Tarpey had a duty to fully and properly investigate the allegations of Police Misconduct that were presented to him by the Plaintiff at various times during the year 2001 yet Internal Affairs Officer Tarpey failed to use reasonable diligence to investigate said wrongdoings and/or failed to do anything to attempt to remedy or alleviate the product of the other Defendants' misconduct and inappropriate abuse of their authority. This breach of duty by Officer Tarpey contributed to the ongoing misconduct and wrongdoings against the Plaintiff by the other Defendants and caused the Plaintiff further physical, emotional and economic harm.

## COUNT IX: NEGLIGENCE

16. The Defendant City of Springfield negligently allowed unqualified and underperforming candidates to be named and appointed as the Chief of Police and as the Police Commissioner and allowed said Chief of Police Paula Meara and Police Commissioner Gerald Phillips to remain in their positions despite abundant and uncontroverted information that both were out of compliance with Departmental Policy, City Ordinances and Regulations, State Laws and Regulations, and Federal Laws and Regulations. This breach of the City's duty to oversee Police activities and internal affairs caused the Plaintiff to suffer physical, emotional and economic harm that was imminently foreseeable given the widespread lack of proper administratio of the Springfield Police Department by the Chief of Police and the Police Commissioner.

17. As a result of the negligence on the part of the City of Springfield, the Springfield Police Department, the Springfield Police Chief, the Internal Affairs Department and the Police Commissioner, the Plaintiff unduly suffered undue and severe emotional distress caused by the egregeous and outrageous behavior of various officers with the Springfield Police Department.

## COUNT X: NEGLIGENCE

18. The within-named Defendants Meara and Phillips, acting in their capacity as the Chief of Police and Police Commissioner respectively, on or about February 9 2001 did have a duty to insure that officers of the Springfield Police Department were adequately trained, supervised and disciplined. Both Meara and Phillips failed to use reasonable and necessary prudence in carrying out their supervisory duties within the Springfield Police Department and

That derilection of duty foreseeably caused the Plaintiff and the citizens of Springfield to be subjected to harm and in fact Defendant(s) Meara and Phillips' failure to insure proper training and supervising of Springfield Police Officers was the proximate cause of the physical, emotional and economic harm that the Plaintiff suffered at the hands (and feet) of the Springfield Police Department and that the Department as a whole, the City of Springfield which pays and oversees the Department, and Defendants Meara and Phillips were negligent in failing to train and supervise Springfield Police Officers properly.

COUNT XI: VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c. 12, sec. 1-12 and CIVIL RIGHTS VIOLATIONS UNDER chapter 42 United States Code, section 1983

19  The above-named Defendants did, on or about February 9, 2001 in the City of Springfield, interfere with the Civil Rights of the Plaintiff by threats, intimidation, coercion, and physical beatings in violation of the Massachusetts Civil Rights Act and 42 U.S.C. § 1983. Specifically, the Defendants denied the Plaintiff the use of a telephone upon his being taken into custody, denied him medical care for his injuries, denied him his right to speak with an Attorney, denied him his right to a physicians examination under M.G.L. c 268; 5A, violated his right to privacy in his own home and physically and psychologically punished the Plaintiff for his attempt to exercise his Fifth Amendment right against self-incrimination. Further, the Defendants deprived the Plaintiff of his personal property (as described in paragraph 9 of this complaint) without due process or adequate and just compensation. The Plaintiff alleges that the Defendants did so willfully and in blatant disregard for his rights under the United States Constitution, the Massachusetts Declaration of Rights and the Massachusetts Civil Rights Act and ch 42 U.S.C. § 1983.

## RELIEF AND DAMAGES

20. The Plaintiff demands Judgment against the Defendant(s) in the amount of $300,000 (Three Hundred Thousand Dollars) for Compensatory damages.

21. The Plaintiff demands Judgment against the Defendants in the amount of $250,000 (Two Hundred and Fifty Thousand Dollars) for punitive damages and that 50% (Fifty-percent) of those damages be set aside to establish and maintain a Scholarship Fund for Springfield Sci-Tech students who are interested in pursueing a career in law enforcement.

22. The Plaintiff demands Judgment to include interest calculated from the date of this complaint.

23. The Plaintiff demands Judgment to include all Court costs and Fees.

24. The Plaintiff demands Judgment to include all Attorney's Fees.

25. The Plaintiff hereby demands Trial By Jury.

Respectfully Submitted.

DATED: January 29, 2004

By the Plaintiff, Pro Se,
SCOTT T. BUXTON

*Scott T. Buxton* (signature)

Scott T. Buxton
W82608
MCI Concord
P.O. Box 9106
Concord, MA 01742-9106