# United States District Court
# District of Massachusetts

SCOTT T. BUXTON
        PLAINTIFF

v.

SPRINGFIELD POLICE DEPT., CITY OF SPRINGFIELD, GERALD PHILLIPS, PAULA MEARA, PHILLIP TARPEY, OFFICERS MICHAEL HILL, RICHARD JARVIS, ROBERT STRZEMPEK, JUAN HERNANDEZ, JOSHUA ELLSWORTH, CURTIS McKENZIE, DENIS PRIOR, JUSAN ESTRADA, LT. JOHN DOE, SGT. JOHN DOE, OFF. JOHN DOES OF THE THIRD SHIFT, JODY CATELLIER, AND 3RD SHIFT BOOKING OFFICERS
        DEFENDANTS

CIVIL ACTION NO. 04-10352 MEL

## ANSWER OF DEFENDANTS SPRINGFIELD POLICE DEPT., CITY OF SPRINGFIELD, GERALD PHILLIPS, AND PAULA MEARA

Now come the Defendants SPRINGFIELD POLICE DEPT., CITY OF SPRINGFIELD, GERALD PHILLIPS, PAULA MEARA and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### PARTIES

1. The Defendants have insufficient knowledge to either admit or deny the allegations of fact contained in paragraph 1 of the Complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Complaint, but have insufficient knowledge as to subparagraphs n through r to either admit or deny the allegations.

## COUNT I - BATTERY

3. The Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. The Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. The Defendants deny the allegations contained in paragraph 5 of the Complaint.

## COUNT II - ASSAULT

6. The Defendants deny the allegations contained in paragraph 6 of the Complaint.

## COUNT III - TRESPASS

7. The Defendants deny the allegations contained in paragraph 7 of the Complaint.

## COUNT IV - DEFAMATION

8. The Defendants deny the allegations contained in paragraph 8 of the Complaint.

## COUNT V - BAILMENT

9. The Defendants deny the allegations contained in paragraph 9 of the Complaint.

## COUNT VI - NEGLIGENCE

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

## COUNT VII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the Complaint.

## COUNT VIII - NEGLIGENCE

15. The Defendants deny the allegations contained in paragraph 15 of the Complaint.

## COUNT IX - NEGLIGENCE

16. The Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Complaint.

## COUNT X - NEGLIGENCE

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

## COUNT XI - VIOLATION OF CIVIL RIGHTS

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

## RELIEF AND DAMAGES

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.
21. The Defendants deny the allegations contained in paragraph 21 of the Complaint.
22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.
23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.
24. The Defendants deny the allegations contained in paragraph 24 of the Complaint.
25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

**WHEREFORE, Defendants respectfully:**

Deny that Plaintiff is entitled to any award of damages, and request that the relief sought be denied and the Complaint be dismissed.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

The Court lacks jurisdiction over the subject matter of the Complaint.

**SECOND DEFENSE**

The Plaintiff failed to comply with statutory requirements contained in G.L. c. 258.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which relief requested can be granted.

**FOURTH DEFENSE**

The Defendants reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

3

**FIFTH DEFENSE**

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

**SIXTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants as no custom or official policy of the municipality caused a violation of the Plaintiff's civil rights.

**SEVENTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

**EIGHTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as liability cannot be imposed on the grounds of *respondeat superior*.

**NINTH DEFENSE**

The Plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under chapter 258.10.

**TENTH DEFENSE**

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

**ELEVENTH DEFENSE**

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

## TWELVTH DEFENSE

The Plaintiff is collaterally estopped from recovery.

## THIRTEENTH DEFENSE

The Plaintiff is barred from recovery by *res judicata*.

## FOURTEENTH DEFENSE

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

## FIFTEENTH DEFENSE

The actions alleged in the Complaint, if found to be violative of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

## SIXTEENTH DEFENSE

The plaintiff has failed to exhaust administrative remedies.

## SEVENTEENTH DEFENSE

The injury to plaintiff, if any, was caused by an act or omission of a third party other than an employee or agent of the City of Springfield.

## EIGHTEENTH DEFENSE

The defendants were justified in their conduct and acts, and therefore not liable to the plaintiff as alleged in the complaint.

## NINETEENTH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

## TWENTIETH DEFENSE

The defendants actions were based on probable cause.

## TWENTY-FIRST DEFENSE

Any claim is based upon an act or omission for which liability does not attach under the provisions of G.L. c. 258, section 10 (a) through (j).

## TWENTY-SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. 1983 against the Defendant as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

## TWENTY-THIRD DEFENSE

The Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process.

## TWENTY-FOURTH DEFENSE

Any statements made were privileged as substantially accurate, and a fair and accurate abridgment of the event reported in the public interest, and without malice.

## TWENTY-FIFTH DEFENSE

Any statements made were privileged as reasonable and necessary to serve the defendant's legitimate business interests

## TWENTY-SIXTH DEFENSE

The defendants did not publish a defamatory statement of and concerning the plaintiff.

## TWENTY-SEVENTH DEFENSE

The defendants were not negligent in ascertaining whether the alleged statement was true, false or defamatory before publishing it.

6

## TWENTY-EIGHTH DEFENSE

The plaintiff suffered no actual injury or harm as a result of the publication in question.

## TWENTY-NINTH DEFENSE

The plaintiff's claims are barred by virtue of defendant's immunity guaranteed by the United States Constitution and its rights and privileges conferred to the defendant as to opinions.

## THIRTIETH DEFENSE

The defendants have complete immunity from plaintiff's claims for all alleged statements and actions which were made in good faith, and which were justified by their reasonableness and truthfulness.

## THIRTY FIRST DEFENSE

The defendants are immune from plaintiff's claims, because they acted without malice and without reckless disregard for the truth or falsity of his alleged statements.

## THIRTY SECOND DEFENSE

The defendants as public officers of the City of Springfield are privileged for statements and conduct made within the scope of employment or office, and therefore immune from plaintiff's claims.

## THIRTY THIRD DEFENSE

The defendants reliance on the truthfulness of alleged statements constitutes complete justification and immunity for the defendant with respect to the plaintiff's claims.

## THIRTY FOURTH DEFENSE

The defendants alleged statements are privileged as fair comments on matters of public interest.

## THIRTY FIFTH DEFENSE

The plaintiff failed to present its claims in writing to an executive officer of the public employer within the statutory time period of the alleged incident pursuant to M.G.L. ch. 258, and its claims

7

are therefore barred.

**THIRTY SIXTH DEFENSE**

No bailment was created and/or the defendant did not breach any duty owed to plaintiff.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.,**

Dated: April 13, 2004

Respectfully submitted,

Edward M. Pikula, BBO #399770
Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:    (413) 787-6085
Telefax:      (413) 787-6173

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the within Answer was this day served upon Plaintiff by mailing copy of same or hand delivery to: Scott T. Buxton, MCI Concord, PO Box 9106, Concord, MA 01742-9106, Plaintiff.
SIGNED under the pains and penalties of perjury.
Dated:   4/13/2004
Edward M. Pikula, Esquire

8