# United States District Court
# District of Massachusetts

SCOTT T. BUXTON

           PLAINTIFF

    v.

SPRINGFIELD POLICE DEPT., CITY OF
SPRINGFIELD, GERALD PHILLIPS,
PAULA MEARA, PHILLIP TARPEY,
OFFICERS MICHAEL HILL, RICHARD
JARVIS, ROBERT STRZEMPEK, JUAN
HERNANDEZ, JOSHUA ELLSWORTH,
CURTIS McKENZIE, DENIS PRIOR,
JUSAN ESTRADA, LT. JOHN DOE, SGT.
JOHN DOE, OFF. JOHN DOES OF THE
THIRD SHIFT, JODY CATELLIER, AND
3RD SHIFT BOOKING OFFICERS

           DEFENDANTS

CIVIL ACTION NO. 04-10352 MEL

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH SERVICE
## AND
## MOTION TO DISMISS COMPLAINT

### INTRODUCTION

      Plaintiff Scott Buxton filed the instant action alleging that Defendants violated his civil

rights under 42 U.S.C. § 1983 during his arrest and with regard to his prosecution. He is

currently incarcerated as a result of the charges.

      Defendants are named as the City of Springfield Police Department, its Chief of Police,

Paula Meara, and its former Chairman of the Board of Police Commissioners, Gerald Phillips as

well as numerous other individuals; both named and unnamed, some who cannot be identified.

45501

Defendants Springfield Police Dept., City Of Springfield, Gerald Phillips, and Paula Meara, through their counsel, and all other defendants, through special appearance, have moved to dismiss each and every Count contained in the Plaintiff's Complaint. As grounds therefore, defendants state that Plaintiff failed to properly serve the complaint; and Plaintiff has failed to state a claim upon which relief can be granted.

In support, defendants rely on the pleadings filed in this case and this supporting memorandum of law submitted with the motion.

Because the factual background of this case, other than the date of the alleged wrongdoing, should not be determinative of the Court's ruling of the Motion at bar, the memorandum addresses the procedural background of the case and the legal theories based on the dates alleged in the complaint.

## DISCUSSION

The lawsuit was originally filed in Middlesex Superior Court, in the Commonwealth of Massachusetts, case number MICV2004-00616, on February 18, 2004. (See docket and civil action cover sheet in state court record). The plaintiff mailed a copy of the complaint to the Police Department and it was received on February 11, 2004, prior to filing with the state court. The certificate of service filed with the state court claims to have served "upon the Defendants: Springfield Police Department Chief Paula Meara on February 4, 2004, the following documents: A copy of the Civil compliant by mailing same, postage prepaid, to the Defendant at his/her work address: Springfield Police Dept. 130 Pearl St., Springfield MA 01105".

On February 20, 2004, a Notice of Removal by City of Springfield, Paula Meara, Gerald Phillips, Springfield Police Dept. from Middlesex Superior Court, case number MICV2004-00616 was received by the court, and entered on February 24, 2004, with an appearance of

45501

counsel filed on their behalf. The State Court Record was filed March 8, 2004. No summons issued on the state docket sheet. An Answer to Complaint with Jury Demand by City of Springfield, Paula Meara, Gerald Phillips, and Springfield Police Dept. was filed April 16, 2004.

Plaintiff never properly proceeded to serve Defendants. As stated in Plaintiff's pleading entitled: "Motion and Return of Service", filed May 16, 2004, Plaintiff claims: "I have served upon Defendants, various and several, a true of of the civil complaint on file with this court by mailing a copy of said civil complaint, postage prepaid, on February 4, 2004 to the Defendants at both the Springfield Police Department at 130 Pearl Street, Springfield Ma, 01105 and by mailing a copy of said civil complaint to the defendants' Attorney, Edward M. Pikula, Associate City Solicitor, who has responded in kind with an answer to said complaint on April 13, 2004 ..."

The Defendant contends that service of process was insufficient and improper in this case; that the pleading entitled "Motion and Return of Service" fails to comply with the Federal Rules of Civil Procedure; and that the Complaint fails to state a claim as it alleges incidents which are outside the statute of limitations deadline. Therefore, the Defendants move to quash the alleged service of process asserted in the Plaintiff's pleading entitled "Motion and Return of Service" and to dismiss the complaint.[1]

The motions at bar, request dismissal pursuant to Fed. R. Civ. P. 12(b) for lack of jurisdiction over the person, Fed. R. Civ. P. 12(b)(2) improper venue, Fed. R. Civ. P. 12(b)(3) insufficiency of process, Fed. R. Civ. P. 12(b)(4) insufficiency of service of process, Fed. R. Civ. P. 12(b)(5) failure to state a claim upon which relief can be granted Fed. R. Civ. P. 12(b)(6). Defendants seek outright dismissal of the complaint, as the deadlines for curing these deficiencies has passed.

---

[1] In addition to his appearance on behalf of the municipality, Counsel has filed a special appearance on behalf of all defendants, who join in this motion.

45501

### A. Service of Process

#### 1.  Individual Defendants

Rule 4(e) of the Federal Rules of Civil Procedure governs service upon individuals. In relevant part, Rule 4(e) states that:

> service upon an individual from whom a waiver has not been obtained ... may be effected in any judicial district of the United States ... (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Rule 4(e)(1) allows service pursuant to the law of the state where the District Court is located. Under the laws of Massachusetts, process upon an individual of legal age must be served on the individual himself. Massachusetts Rule of Civil Procedure 4(b) requires that an individual be served personally, or at their last and usual place of abode. The service via certified mail at their place of employment does not comply with the rule. Material prejudice would result to the substantial rights of the party against whom process is issued if service was allowed to stand. Mass. R. Civ. P. 4(g); see also M.G.L. ch. 223, § 84, ("If in a civil action the defendant makes a motion to dismiss the action for insufficient service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with the applicable rules of court"). Here, the individually named defendants in this case who can actually be identified are claimed to have committed wrongdoing against the Plaintiff at a time outside the passing of the statute of limitations. As such, the failure to commence the action within the time allowed bars the filing of another

45501

action. Compare M.G.L. ch. 260, § 32 (dismissal of action or reversal or vacation of judgment; commencement of new action).

Plaintiff acknowledges, as is evident in the purported return of service, that service was performed at Movants' workplace, 130 Pearl Street. It is well settled that an individual's dwelling place or usual place of abode is the person's home, not his workplace. *See Pérez López v. Mangome*, 117 F.R.D. 327, 328 (D. Puerto Rico 1987) (holding that a defendant's place of employment does not qualify as a dwelling or usual place of abode); *Gipson v. Bass River*, 82 F.R.D. 122, 125 (D.N.J.1979); 4A Carles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096 n. 9 (2d ed.1987) (stating that "defendant's place of employment will not qualify" as a dwelling or place of abode). Therefore, a person's place of employment is not a dwelling place or usual place of abode, and therefore, service cannot be performed in accordance with Fed. R. Civ. P. 4(e)(2) by leaving a copy of the summons and complaint with a third party at the defendant's workplace.

Service, however, can comport with Fed. R. Civ. P. 4(e)(2) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. No local or federal law authorizes the Springfield Police Department or Attorneys for the City of Springfield Law Department to receive process for police officers in the employment of the City. Therefore, the Court cannot consider service to be proper by leaving copies of the complaint at the police department headquarters. In view of the above discussion, the service of the complaint on Movants should be quashed.

Thus, for the Complaint to prosper against Movants, Plaintiff must serve them with process pursuant to the Rules of Civil Procedure. However, the time for completion of such

45501

service has passed pursuant to state and federal rules has expired. Extending the deadlines for such service would be fruitless as the statute of limitations has expired.

### 2.  *Municipal entities and officials*

As to the City of Springfield and the Chief and Police Commissioner in their official capacity, not individually, the analysis is different. As noted, the Complaint, without any appropriate summons, was mailed to the Police Department. Fed R. Civ. P. 4(h), which governs service upon corporations and associations, guides the analysis. Rule 4(h)(1) allows service to be performed pursuant to the law of the state in which the district court is located. Rule 4.4(e) of the Massachusetts Rules of Civil Procedure "a corporation, company, partnership, association or any other artificial person, [may be served] by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process."

Mailing a copy of the Complaint performed Service on the City and its officials, not individually. Such service would normally satisfy the rules quoted above governing service. However, the service was delivered well before the filing of the complaint and before issuance of a summons. As previously noted, and as is discussed, the complaint was not filed within the applicable statute of limitations.

### B. *Statute of Limitations*

The Complaint alleges Battery on or about February 9, 2001 (Count I); Assault on or about February 8, 2001 (Count II); Trespass on or about February 8, 2001 (Count III); Defamation on or about February 9, 2001 (Count IV); Bailment liability for Property Damage on or about February 9, 2001 (Count IV); Negligence on or about February 9, 2001 (Count VI); Intentional Infliction of Emotional Distress on or about February 8 and 9, 2001 (Count VII);

45501

Negligence "at various times during the year 2001" (Count VIII); Negligence with regard to appointment of officers without reference to any specific date (Count IX); Negligence on or about February 9, 2001 (Count X); Violation of the Massachusetts Civil Rights Act and under 42 U.S.C. § 1983 on or about February 9, 2001 (Count XI).

All allegations are either specifically or implicitly alleged to have occurred more than three years prior to the filing date of the Complaint, February 18, 2004. When considering a motion to dismiss, the Court accepts as true the allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Carreiro v. Rhodes Gill and Co., Ltd.,* 68 F.3d 1443, 1446 (1st Cir.1995).

The limitations period for actions brought pursuant to 42 U.S.C. § 1983 is governed by the same state statute of limitations for personal injury claims. *See Wilson v. Garcia,* 471 U.S. 261, 276-80, 105 S. Ct. 1938, 1947-49, 85 L.Ed.2d 254 (1985). M.G.L. c. 260, § 2A states that such actions must be filed within three years after the cause of action accrues. Both federal and state courts have applied the three-year limitation period to § 1983 claims. *See Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991) *cert. denied,* 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992); *Pagliuca v. City of Boston,* 35 Mass.App. 820 (1994).

With regard to the claim of negligence by public employees, the Tort Claims Act, has the same three year statute, M.G.L. ch. 258, § 4, and also has the presentment requirements of that section, which must be complied with within two years after the alleged wrongdoing, prior to initiation of any action for negligence, and the complaint makes no allegations that such presentment provisions were complied with here. Under Chapter 258, the failure to make such allegations is grounds for dismissal.[2] The statutory requirement that there be both presentment

---

[2] While it must also be noted that under Chapter 258, individual public employees are immune from liability, the Defendants reserve the right to challenge the complaint on all other grounds not asserted herein, in the event this

45501

within two years and commencement of the action within three years was not adhered to in this case. These are separate and distinct requirements.... [A] legally competent plaintiff who complied with the two-year presentment requirement, but failed to bring an action within the three-year statute of limitations set by the M.G.L. ch. 258, § 4, would not meet the statutory requirements for maintaining an action. *George v. Town of Saugus,* 394 Mass. 40, 42, 474 N.E.2d 169 (1985).

The accrual period for a claim under § 1983, like the accrual period for the personal injury claims, begins to run when the plaintiff knows or has reason to know of the injury, which is the basis of the action. *See Street,* 936 F.2d at 40. The cause of action in the instant case accrued, at the latest, on February 9, 2001, the last day on which the alleged incidents occurred, and expired on February 9, 2004. A claim that has expired under the applicable statute of limitations may be dismissed as frivolous. *See Street,* 936 F.2d at 39. Based on the failure to file suit within the limitations period, and failure to make proper presentment of the claims for negligence, all counts should be dismissed.

Because the unnamed defendants did not get notice within the limitations period, the cause of action against them must also be dismissed. According to the Supreme Court in *Schiavone v. Fortune,* only "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party." 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). See also *Burgos Martinez v. Rivera Ortiz*, 715 F.Supp. 419 (D. Puerto Rico 1989).

---

motion to dismiss is denied. The purpose of this motion to merely to address the service of process and statute of limitations issues.

45501

## CONCLUSION

In view of the above, the Defendants respectfully request the Court hereby **QUASH** service on all individual Defendants; and **DISMISS** the Complaint, with prejudice.

In the event this court denies this motion in any part, and determines that any part of this action may remain as a viable action, the Defendants respectfully requests proper service of process be ordered and a change of venue to the Western Section of the District Court in Springfield, where all known defendants and all records relative to the allegations of the complaints, and it would be expected that all likely witnesses reside.

Dated: December 27, 2004

Respectfully submitted.

Edward M. Pikula, BBO #399770

Associate City Solicitor
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:      (413) 787-6085
Telefax:        (413) 787-6173

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the within Answer was this day served upon Plaintiff by mailing copy of same or hand delivery to: Scott T. Buxton, MCI Shirley Medium, (W82608) PO Box 1218, Shirley, MA 01464, Plaintiff. SIGNED under the pains and penalties of perjury.
Dated:    12/27/2004
Edward M. Pikula, Esquire

45501