UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT T. BUXTON, Plaintiff )
)
v. )
)
SPRINGFIELD POLICE DEPT.; The CITY OF )
SPRINGFIELD; GERALD PHILLIPS-POLICE )
COMM.; PAULA MEARA-CHIEF OF POLICE; )
PHILLIP TARPEY- INTERNAL AFFAIRS; )
OFFICERS MICHAEL HILL, RICHARD JARVIS, )
ROBERT STRZEMPEK, JUAN HERNANDEZ, )
JOSHUA ELLSWORTH, CURTIS McKENZIE, )
DENIS PRIOR, JUAN ESTRADA, LT. JOHN DOE, )
OFF. JOHN DOES OF THE 3rd SHIFT, SGT JOHN )
DOE, JODY CATELLIER, and 3rd SHIFT )
BOOKING OFFICERS, )
Defendants )

CIVIL ACTION NO. 04-10352MEL

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION

NOW COMES the Plaintiff, Scott T. Buxton, in the above-captioned matter and responds to the Defendants' Motion to Dismiss his Complaint as follows:

The Plaintiff hereby asserts that he is NOT incarcerated as a result of any charges that stemmed from any arrest made by the City of Springfield's Police Department and that the civil action in this case has nothing to do with the circumstances or charges or prosecution by which the Plaintiff finds himself incarcerated. The Plaintiff finds the Defendants' assertion to the contrary to be offensive and disturbingly misleading as to the nature and merits of this civil case.

The Plaintiff stands by each and every allegation in his Complaint as being true and accurate and maintains that the Defendants in fact, and in violation of his rights without justification or cause, did cause

him injuries and loss as alleged in the Complaint.

The Plaintiff argues that adequate service of process was made upon the Defendants in this case by mail to the Springfield Police Station and as such service should stand and the Defendants' Motion To Quash Service should be denied.

The Plaintiff further asserts that his Complaint was duly filed and served within the proscribed period of the applicable Statute of Limitations in that the Middlesex County Clerk's Office was in receipt of the Plaintiff's Complaint on or before February 6, 2004 as evidenced by the attached exhibits and therefore the Complaint was filed in time. The Middlesex County Civil Clerk merely requested that the Plaintiff use a newly updated Affidavit of Indigency "Form" for clerical purposes. This lead to some delay and confusion over the actual filing date but in any case the Plaintiff filed his Complaint with the Court and served it upon the Defendants before February 9, 2004, the earliest possible date upon which the Statute of Limitations could be interpreted to have run. The Defendants then requested Removal of this case to this Federal Court on February 18, 2004.

To adopt the Defendants' view that the Plaintiff's claim is now barred by the Statute of Limitations in this case would be to deny access to the Court because the Plaintiff used an Affidavit of Indigency "Form" other than that preferred (but not readily available to inmates) by the State Court Clerk and would constitute an egregious example of form

over substance. The Plaintiff argues that such an interpretation of the procedural history of this case would be inconsistent with both the established standards for considering a motion to dismiss as well as basic constitutional doctrines of due process. Accordingly, the Plaintiff argues that his Complaint was Filed in a Timely manner on February 4, 2004 and is thus not barred by the Statute of Limitations.

Further the Plaintiff's Complaint clearly states a colorable claim upon which relief could be granted and that at the Time the Complaint was Filed the Plaintiff fully intended and expected that such relief would be granted after full adjudication in our Civil Court system.

<u>NOTWITHSTANDING the above assertions the Plaintiff hereby assents to a Dismissal of his Complaint in its entirety as to ALL Defendants.</u>

As reasons therefore, the Plaintiff simply acknowledges that he now Forgives the Defendants For the Injuries and the loss that they caused him and that such Forgiveness is consistent with the Christian values and principles in which the Plaintiff believes and has rededicated himself to. The Plaintiff recognizes that this pleading will likely be viewed as out of the ordinary or even strange. However, the Plaintiff asserts that he makes his request that this Honorable Court allow the dismissal of this case with all sincerity and

that he does so of sound mind, voluntarily, without coercion, and having full knowledge of his rights. The Plaintiff hereby waives his right to refile, reconsider and/or appeal this case or any order of this Court to dismiss this Complaint in its entirety as to all Defendants.

The Plaintiff offers the following from the New King James Version of the Holy Bible as further clarification of his reasons for now assenting to the dismissal of his Complaint as well as for the contemplation and consideration of all parties attendant to this matter, that:

God calls upon us to "let all bitterness, wrath, anger, clamor and evil speaking be put away from you, with all malice. And be kind to one another, even as God in Christ forgave you." Ephesians, Chapter 4, verse 32-33. We should "bear with eachother and forgive whatever grievances you may have against one another. Forgive as the Lord God forgives you." Colossians, Chapter 3 verse 13. Perhaps more familiar to most the Plaintiff cites the words of the Lord Jesus Christ Our Savior instructed with, that God will "forgive us our trespasses as we forgive those who trespass against us." Matthew, Chapter 6, verse 14-15. See also, "The Parable of the Unforgiving Servant." Matthew, Chapter 18, verse 21-35, and, Luke, Chapter 17, verse 3-4.

While the Plaintiff does not ask that this Honorable Court make any order beyond simply dismissing the Complaint in this case, the

Plaintiff does note, and informally requests of the Defendants the following:

1 - That the Plaintiff be free from any further undue harassment, persecution, disparate treatment or defamation from the Defendants and that all parties look forward with mutual respect and cooperation by rejecting any ill-will or mistrust and by putting our disputes away permanently so that all parties can be free to move forward in a positive and productive manner.

2 - That Defendant Paula Meara, as Chief of Police of the Springfield Police Department review paragraph 21 of the Plaintiff's Complaint (attached is said paragraph) and consider the possibility of establishing, or at least coordinating, some type of scholarship program for the youth of our City who may be interested in pursuing careers in law enforcement in our City.

3 - That all Defendants consider ways in which the Police Department can help improve our city and foster positive interactions between its citizens and all law enforcement officials.

Respectfully submitted

DATED  2/8/05

By the Plaintiff, Pro Se,

*[signature]*

SCOTT T. BUXTON
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464

page 1



AFTER FIVE DAYS RETURN TO
EDWARD J. SULLIVAN
CLERK OF THE COURTS
MIDDLESEX SUPERIOR COURT
40 THORNDIKE STREET
CAMBRIDGE, MA 02141

Complaint and Motions
Served By Me From
MCI on This date 2/4/04
Returned on This date
for a New Indegency Form
ONLY

Scott T. Buxton W-82608
MCI Concord
PO Box 9106
Concord, MA 01742-9106

EXHIBIT A

EXHIBIT A, page 2

# COMMONWEALTH OF MASSACHUSETTS
## County of Middlesex
## The Superior Court

*OFFICE OF THE CLERK OF COURTS*

TO:   Prisoner Plaintiff

☐   **IN ORDER TO FILE A LAWSUIT IN THE MIDDLESEX COUNTY SUPERIOR COURT, YOU MUST PROVIDE THE FOLLOWING:**

1. A Civil Action Cover Sheet, signed and dated. If you are disputing the release date of your sentence, your case will be an "E-97" (Prisoner habeas). All other cases are designated as "E-96" (Prisoner Case).

2. A filing fee of $200.00 or an "Affidavit of Indigency"

3. A signed and dated "Complaint" stating the "Facts" of your case and your "Prayer for Relief".

☒   **YOUR MATERIALS ARE BEING RETURNED BECAUSE:**

☐   You are missing the signed and dated Civil Action Cover Sheet

☐   You have not signed the Civil Action Cover Sheet.

☐   You have not enclosed the $275. filing fee or a completed "Affidavit of Indigency".

☐   You have not enclosed a signed and dated Complaint stating the Facts of your case and a Prayer for Relief.

☐   You have attempted to file the case in the wrong county. Please file in _____ County.

☒   The Affidavit of Indigency form you submitted is no longer in use - copy of new form enclosed.

☐   Other: _____

*Plaintiff's Complaint. page 8*

## RELIEF AND DAMAGES

20. The Plaintiff demands Judgment against the Defendant(s) in the amount of $300,000 (Three Hundred Thousand Dollars) for Compensatory damages.

21. The Plaintiff demands Judgment against the Defendants in the amount of $250,000 (Two Hundred and Fifty Thousand Dollars) for punitive damages and that 50% (Fifty-percent) of those damages be set aside to establish and maintain a Scholarship Fund for Springfield Sci-Tech students who are interested in pursuing a career in law enforcement.

22. The Plaintiff demands Judgment to include interest calculated from the date of this complaint.

23. The Plaintiff demands Judgment to include all Court costs and fees.

24. The Plaintiff demands Judgment to include all Attorney's Fees.

25. The Plaintiff hereby demands Trial By Jury.

Respectfully Submitted.

DATED: January 29, 2004

By the Plaintiff, Pro Se,
SCOTT T. BUXTON

*Scott T. Buxton*

Scott T. Buxton
W82608
MCI Concord
P.O. Box 9106
Concord, MA 01742-9106

## CERTIFICATE OF SERVICE

I, Scott T. Buxton, Plaintiff in this case, hereby certify that a true copy of the within <u>Response To Defendants' Motion To Dismiss Complaint</u> was served upon the Defendants by mailing, postage prepaid, a copy of same to Counsel for the Defendants, Edward M. Pikula, Esquire, Associate City Solicitor, City of Springfield Law Department, 36 Court Street, Springfield, Massachusetts 01103 on this the 8th day of January, 2005.

Signed under the pains and penalties of perjury.

DATED: 1/8/05

*/s/ Scott T. Buxton*
SCOTT T. BUXTON, Pro Se
MCI Shirley Medium
P.O. Box 1218
Shirley, MA 01464